F I L E D

JUN 15 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Frank Johnson Lee,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:14cv854 (AJT/JFA)** |
| | ) | |
| **Director, Department of Corrections,** | ) | |
| **Respondent.** | ) | |

<u>MEMORANDUM OPINION</u>

Frank Johnson Lee, a Virginia inmate proceeding <u>pro</u> <u>se</u>, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder in the Circuit Court for the City of Hampton. Petitioner was granted leave to proceed <u>in forma pauperis</u> in the action. By Order dated November 6, 2014, petitioner was directed to particularize and amend his petition using a standardized form application for § 2254 relief. After petitioner complied with those instructions, respondent was ordered to submit a preliminary response to the amended petition, confined to the issue of whether the petition was filed timely. On January 29, 2015, respondent filed a Motion to Dismiss the petition as barred by the statute of limitations, 28 U.S.C. § 2254(d), accompanied by a memorandum of law and exhibits. Petitioner was provided with the notice required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and after receiving an extension of time petitioner filed a reply and a memorandum of law on April 28, 2015. After careful consideration, respondent's Motion to Dismiss will be granted, and the petition will be dismissed as barred by the statute of limitations. Petitioner's pending motions for various forms of relief will be denied, as moot.

## I. Background

On November 29, 1995, petitioner was convicted following a jury trial of first degree

murder and sentenced to life imprisonment in the Circuit Court for the City of Hampton. Case

No. CR95000808-00. A single judge of the Court of Appeals of Virginia denied his petition for

appeal on August 13, 1996, and a three-judge panel reached the same result on October 30, 1996.

Lee v. Commonwealth, R. No. 2810-95-1; Dkt. 15, Ex. 1, "Statement of the Case." The Supreme

Court of Virginia refused further review on March 3, 1997.  Lee v. Commonwealth, R. No.

962423.

On October 3, 2000, petitioner submitted a petition for habeas corpus relief to the trial

court, which was dismissed on November 20, 2000. Case No. C100001038-00. The Supreme

Court of Virginia refused a petition for appeal on May 1, 2001. Lee v. Commonwealth, R. No.

010408.

On July 9, 2013, petitioner filed a motion to vacate his conviction in the Buchanan

County Circuit Court. Resp. Ex. A.  The motion was transferred to the trial court, where it was

denied and dismissed on October 17, 2013.  Case No. CL13-2109;   Resp. Ex. B. The Supreme

Court of Virginia refused a petition for appeal on June 5, 2014, Lee v. Commonwealth, R. No.

131952 (Va. June 5, 2014); Resp. Ex. C, and the United States Supreme Court denied a petition

for certiorari on October 14, 2014.   This federal action ensued on or about July 3, 2014.[1]

---

[1]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, the initial petition was not dated, so the filing date reflected here is the date the envelope containing the petition was stamped as received by the Clerk. Dkt. 1, Att. Under the facts of this case, petitioner is not prejudiced by this minor discrepancy, because the petition is untimely by a factor of years.

## II. Analysis

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, petitioner's conviction became final on June 1, 1997, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, the Court normally must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his first postconviction proceeding until October 3, 2000, when he filed his petition for a writ of habeas corpus in the trial court. Since by then approximately three (3) years and four (4) months had elapsed since petitioner's conviction became final, the federal statute of limitations had expired, so the pendencies of both the 2000 and the 2013-14 state habeas proceedings could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended

3

before the state petition was filed.") ; <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Rashid v. Khulmann</u>, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002).

In response to the Motion to Dismiss, petitioner has filed a document captioned as a Motion and Rule 7 Reply, accompanied by a memorandum of law and exhibits. Dkts. 19-20. Attached to the memorandum is a lengthy affidavit in which petitioner chronicles a number of circumstances that have befallen him over many years. He states that he has received "various diagnoses" from both private and state psychiatrists, including impulse control disorder, intermittent explosive disorder, post-traumatic stress disorder, anxiety issues, chronic depression, insomnia and bipolar disorder. Dkt. 20, Aff. at 1. In 1993, he underwent surgery on his cervical spine that was only partially successful, and thereafter he had to take a "large dosage" of muscle relaxer and was confined in segregation. <u>Id.</u> at 3. In 1994, petitioner was released from custody imposed for a prior conviction pursuant to an "incomplete [and] incorrect parole plan," and as a result his mental capacity diminished and he cannot remember the murder of which he presently stands convicted. <u>Id.</u> at 4.

Soon after, petitioner was diagnosed with "major psychiatric problems." <u>Id.</u> at 5. He was taken to the forensic unit at Central State Hospital for evaluation. <u>Id.</u> at 6. He was found to be sane and competent but he believes those conclusions were "suspect and fraudulent as well as

questionable and doubtful." Id.   When petitioner was moved to Greensville Correctional Center

he was placed on an antidepressant, and a social worker told him he had impulse control issues.

Id. at 7.

From 1998 until 2002, petitioner "went back and forth" between Wallens Ridge and Red

Onion State Prisons, and was held in mental health segregation and received anti-psychotic

drugs. Id. at 8.  While petitioner was confined at Red Onion from 1999 until 2002, his court-

appointed institutional attorney provided him with "incorrect and misleading information case

laws - codes - laws and advice on filing [a] state" habeas corpus petition and appeal, "causing

both to be dismissed as time barred." Id.   Starting in 2002, petitioner came under the care of Dr.

General, and was "slowly weened [sic]" off all medications save Vistaril. Id.   In 2012, the

Vistaril was stopped as well. Id.

In the second portion of his affidavit, petitioner argues that he is entitled to "many types

of relief" in this proceeding. Id. at 9. He asserts that "all the evidence will show that [he is]

actually factually innocent of first degree murder," and that he is illegally detained and

wrongfully imprisoned. Id.   No further details are provided.

Among the exhibits attached to the affidavit are two letters addressed to petitioner from J.

Thadieu Harris, III, an attorney in Wise, Virginia.  In the first, which is dated June 26, 2012,

Harris states to petitioner, "I have again reviewed your affidavit. ... I am closing my file in this

matter.  The major factors in my decision are: (1) your claim is a claim of legal innocence, not

actual innocence; (2) you were thoroughly examined before your trial for insanity at the time of

the offense and found to be sane; and (3) there is no right (as you will see when you read the

Wilson case)  to reopen the issue of sanity at the time of the offense." Dkt. 20, Ex. 1.  On July

17, 2012, attorney Harris wrote a second letter to petitioner, and explained: "Insanity cannot reduce a murder conviction to a manslaughter conviction. It can only result in a finding of not guilty by reason of insanity. You have no way of ever litigating again the issue of sanity at the time of the offense." Id., Ex. 4.

Although petitioner uses neither term, the Court in deference to his pro se status construes petitioner's arguments as seeking equitable tolling of the limitations period and claiming actual innocence of the crime of which he stands convicted. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d

Cir. 2000); see also, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Here, petitioner's description of the various circumstances he has experienced since his conviction became final in 1997 do not warrant equitable tolling. The time period relevant to the issue of equitable tolling in this case is from June 1, 1997, when the conviction at issue became final, until June 1, 1998, when the §2254(d) limitations period expired. Petitioner alleges no specific facts which could constitute extraordinary circumstances during that time, nor does he include any description whatever of any steps he took to pursue his claims. Cf. United States v. Williams, 2011 WL 6842991 at *3 (E.D.Va. Dec. 29, 2011) (finding no extraordinary circumstances or due diligence when no specific facts alleged for the relevant time period). To the extent that petitioner may intend to argue that the allegedly incorrect and misleading advice provided to him by the institutional attorney at Wallens Ridge constituted extraordinary circumstances sufficient to warrant equitable tolling, his argument fails. According to petitioner, he was confined at that institution from 1999 until 2002, and the federal statute of limitations expired on June 1, 1998. Thus, any malfeasance by the institutional attorney occurred after the limitations period had expired, and could have had no effect on petitioner's failure to timely file his federal claims. See Engel v. Clarke, 2014 WL 2157616 at *6 (E.D. Va. May 23, 2014). Because petitioner fails to demonstrate any meritorious grounds for such relief, he is not entitled to equitable tolling of the limitations period.

As noted above, petitioner in his "affidavit" also makes a conclusory assertion that he is "actually factually innocent of first degree murder." Dkt. 20, Aff. at 9. In McQuiggin v. Perkins, 569 U.S. __ , 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. However, as with an actual

innocence claim in the context of other procedural defaults, the exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). Here, petitioner's entirely unexplained and unsupported assertion of actual innocence does not warrant application of the McQuiggin exception, particularly as it is contradicted by the letters from attorney Harris petitioner has supplied. See U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice).

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as time-barred. Petitioner's pending motions for various forms of relief accordingly will be denied, as moot. An appropriate Order shall issue.

Entered this _____ day of _____ 2015.

Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

8